## PITTSBURG NAT. BANK v. EHRLICH.

### No. 3262.

Court of Civil Appeals of Texas. Beaumont.

Jan. 27, 1938.

Engledow & Guest, of Pittsburg, for plaintiff in error.

W. Clyde Hull, of Pittsburg, for defendant in error.

O'QUINN, Justice.

For convenience we shall refer to plaintiff in error as plaintiff, and to defendant in error as defendant; that being their attitude in the trial court.

This suit originated in the justice court, precinct No. 1 of Camp county, Tex. In that court plaintiff sued defendant to recover on a promissory note in the sum of $125.96, and to foreclose a chattel mortgage on certain personal property, given to secure the payment of the note. The pleadings in the justice court were oral. The case was tried to the court without a jury, and judgment rendered in favor of plaintiff for the amount due on the note and for foreclosure of the mortgage. The defendant appealed the case to the county court. In the county court both parties filed written pleadings, upon which the case was tried to the court without a jury, and judgment rendered in favor of defendant. We have the case on appeal.

Plaintiff alleged that defendant executed and delivered to it a mortgage in writing to secure the note sued on describing the property mortgaged. It further alleged that only a part of the property covered by the mortgage was in existence at the time the suit was filed, describing the property alleged to be in existence and stating its value. The court sustained an exception against this pleading on the ground that the allegation was but the conclusion of the pleader. Plaintiff assigns this as an error. We sustain the assignment. The allegation was necessary and proper, and was not a conclusion of the pleader. Proof of the value of the property upon which fore-

closure was sought was necessary to show jurisdiction in the court to adjudicate the matter.

▮ Defendant's plea of want of consideration for the execution of the note, that it was signed "in jest," is not supported by any evidence—in fact, defendant testified that such was not true. His defense of "usury" is not supported by any evidence. His denial of owing any debt or amount to plaintiff is supported only by his testimony, and it is so contradictory, confusing and uncertain as not to support the judgment. Plaintiff insists that we should reverse the judgment and render judgment for it. Because of the uncertainty and confused state of the record, we feel that the judgment should be reversed and remanded for another trial. If upon another trial the evidence is substantially as in the instant trial, judgment should then be for plaintiff.

Reversed and remanded.

WALKER, C. J., is recused.